```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

MARKETFARE ANNUNCIATION, LLC,        CIVIL ACTION
ET AL.

VERSUS                               NO: 06-7232
                                     RE: ALL CASES

UNITED FIRE & CASUALTY               SECTION: "J" (4)
COMPANY, ET AL.
```

### ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss. (Doc. 24.) The motion is opposed. (Doc. 27.) For the following reasons, the Court finds that the motion should be GRANTED.

### BACKGROUND

The Court has already ruled that the claims against the in-state defendants, Lafayette Insurance Company and the local adjustors, were improperly joined because plaintiffs are unable to establish a cause of action against them. (Doc. 22.) The adjustor defendants Michael Sherwood, Jerry Provencher, and Candy Ray, have been voluntarily dismissed by the plaintiffs. (Doc. 29.) Lafayette Insurance Company, Gerald Jay Daussin, Kevin Vanderbrook, and VECO Consulting, L.L.C., now seek to be dismissed pursuant to this Court's order. Plaintiffs' opposition

seeks a re-evaluation of the Court's order.

## DISCUSSION

The Court has reviewed again the possibility of a cause of action under Louisiana law for conspiracy to refuse or delay insurance payments in violation of either an insurance contract or the Louisiana Insurance Code by someone other than the insurer. There is nothing to indicate that such a cause of action exists. To allow an allegation that the adjustor conspired with the insurer to avoid paying the claim would be contrary to the statutory and caselaw limitations on suits against adjustors. Plaintiffs do not cite any case on point, and their argument, though an impressive attempt at cobbling, presents no more than a "mere theoretical possibility of recovery under local law." *Smallwood v. Illinois Cent. R. R. Co.*, 385 F.3d 568, 573 n.9 (5th Cir. 2004). This is insufficient to destroy a defendant's right to remove when federal jurisdiction exists. *Id.*

Plaintiffs argue that a violation of La. R.S. §§ 22:658 or 22:1220 sounds in tort and refer the Court to cases applying the one-year delictual prescriptive period and cases recognizing that violation of a statute establishes negligence *per se*. The Court has no reason to dispute that a violation of the Insurance Code sounds in tort. However, the tort is committed by the insurer. Plaintiffs have one year to bring the claim against the insurer

if it breaches its statutory duty. Violating La. R.S. §§ 22:658 or 22:1220 may establish negligence *per se*, but that does not give rise to a tort remedy unless a duty exists. Again, the Insurance Code places a duty upon insurers alone. As this Court pointed out in its last statement of reasons, an adjustor is an agent for the insurer and does not generally owe a duty to the insured. (Doc. 22 at 10.) To establish a cause of action against an adjustor, the plaintiff must allege a <u>separate</u> underlying offense, i.e., a separate duty and breach. *Id.*

Plaintiffs argue that this case is distinguishable from the cases that reject the imposition of a duty on insurance adjustors because in this case plaintiffs allege intentional acts rather than negligence. The statutory provisions already cover bad faith claims adjusting by the insurer. To allege that the insurance company's agents intentionally conspired with the insurance company adds nothing. As this Court has already noted, the cause of action in a conspiracy claim is for the tortious acts, not for the conspiracy itself. (Doc. 22 at 9.) Plaintiffs fail to allege a tort that is the object of the conspiracy that is <u>separate</u> from the violation of the insurer's duties under the contract and the Insurance Code.

Plaintiffs also argue that the duties owed under the insurance code are independent obligations from the duties owed

3

under the insurance contract. That argument is of no moment where the duty under either is owed to the insured by the insurer.

Finally, plaintiffs direct the Court's attention to a Louisiana state case recognizing a cause of action for conspiracy to violate the Louisiana Unfair Trade Practices and Consumer Protection Law ("UTPA"). *See Strahan v. State Dept. of Agric. and Forestry*, 645 So. 2d 1162 (La. App. 1st Cir. 1994). However, that case is unavailing for plaintiffs because of the breadth of the statute involved. The *Strahan* court found that:

> It is not necessary to determine whether the Department was engaged in trade or commerce as defined by the UTPA because Mr. Strahan's cause of action is found in La.R.S. 51:1409(A), which provides in pertinent part:
>
> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment <u>by another person</u> of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

*Id.* at 1165 (emphasis added).

The statute at issue in *Strahan* imposes a broadly applicable duty on every person. The duties in the Insurance Code provisions at issue in this case, however, only apply to insurers. In this case, the allegation that the insurer's agents conspired with the insurer to delay or deny payment is simply an attempt to impose a duty on insurance adjustors that Louisiana law has thus far not

4

recognized.

Judging from the evidence plaintiffs have already adduced and presented to the Court, it is entirely possible that they can succeed in a claim for violation of La. R.S. § 22:658 or § 22:1220. Recovery in that event is against the insurer, not against its claims adjustors.

Accordingly,

**IT IS ORDERED** that defendants' Motion to Dismiss Lafayette Insurance Company, Gerald Jay Daussin, Kevin Vanderbrook, VECO Consulting, LLC (Doc. 24) is **GRANTED**. The claims against these defendants are **DISMISSED**;

**IT IS FURTHER ORDERED** that the claims against all remaining defendants in all of the consolidated cases, except for defendant United Fire & Casualty Insurance Company, are hereby **DISMISSED**. This case will proceed against United Fire & Casualty Insurance Company as the only properly joined defendant.

New Orleans, Louisiana this the 14th day of March, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE