```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARKETFARE ANNUNCIATION, ET                CIVIL ACTION
AL.

VERSUS                                     NO: 06-7232

UNITED FIRE AND CASUALTY                   SECTION: "J" (4)
INSURANCE CO.
```

**ORDER**

Before the Court is Intervenor's Motion for Summary Judgment (Rec. Doc. 71).  For the reasons below, the Motion is **GRANTED**.

**BACKGROUND**

This is another case arising out of Hurricane Katrina, involving insurance proceeds.  This particular motion involves Marketfare St. Claude, LLC, the name of the company operating the Robert's Market at 2222 St. Claude Avenue in New Orleans.  The Owners of the property at 2222 St. Claude (the "Owners" or "Intervenors") leased said premises to Marketfare St. Claude.  After Hurricane Katrina, Marketfare instituted the instant action to recover insurance proceeds from its insurer.  The Owners intervened claiming that the insurance proceeds rightfully belonged to them.

Marketfare moved for summary judgment, asking this Court to declare that the Intervenors are not entitled to the insurance proceeds. (Rec. Doc. 65). Thereafter, the Intervenors filed a motion for summary judgment asking this Court to declare that they are entitled to insurance proceeds. (Rec. Doc. 71). This Court held oral arguments on the cross motions for summary judgment on June 27, 2007. At Oral Arguments the Court denied Marketfare's motion for summary judgment. (Rec. Doc. 65). The Court also took the Intervenor's motion for summary judgment under advisement. (Rec. Doc. 71).

## LEGAL STANDARDS

Summary judgment is proper if the evidence presented, shows that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). The mere existence of a factual dispute does not defeat an otherwise properly supported motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir. 1999).

**DISCUSSION**

The Plaintiff claims the lease between Marketfare and the Owners provided for which party was subject to purchasing which type of insurance.

Section 9.2 of the lease required the tenant to maintain general public liability insurance and the Owners were to be named as additional insured on that policy.  Both sides note that this policy is not at issue in the present case.

Section 9.4 of the lease requires that the tenant obtain all risk insurance for furniture, fixtures, and other moveable property of the tenant that included protection for windstorm damage.  The lease did not require that the Owner be named as an additional assured on that policy.  The section also provides that the tenant shall have the right to receive all payments under the policy.

Plaintiffs acquired a package policy from United Fire which provided a variety of insurance coverages, and included in the policy was CGL insurance[1] and all risk insurance.[2]  Plaintiffs claim that Owners breached the lease because according to Section 9.3 they were required to procure all risk insurance for damage

---

[1] Per Section 9.2 of the lease.

[2] Per Section 9.4 of the lease.

to the property including windstorm damage on the building at 2222 St. Claude. Plaintiffs claim that Owners did not procure this insurance and therefore are in violation of the lease.

When the insurance was procured by Plaintiff from United Fire, the Commercial Property Coverage part listed the Estate of John Schwegmann as an Additional Insured. The Plaintiff contends that since this was in contravention of the lease, that neither the Estate nor the Owners are entitled to the insurance proceeds, especially since the lease constitutes the law between the parties. *See New Orleans Hat Attack, Inc. v. N.Y. Life Ins. Co.*, 665 So. 2d 1186, 1189 (La. App. 4 Cir. 1995).

The Owners contend that the lease is not at issue here, and all that the court should consider is the insurance contract itself. The fact that the insurance contract says that the Estate of John Schwegmann is an additional insured is all the evidence that the court needs to determine that the owners are entitled to insurance payments. The insurance contract specifically states that the Estate of John Schwegmann is an additional insured, and this undisputed.

The Court agrees with the Intervenor's assertion. At issue in this lawsuit is not the lease, but rather the insurance contract. Whatever the lease provides as between the parties, it does not affect the insurance contract that is at issue in this

case.  Therefore, the Court will only look to the insurance contract in determining whether the Intervenors are entitled to insurance payments.  It is undisputed that an entity known as the "Estate of John Schwegmann" was listed as an additional insured and loss payee on the insurance contract.[3]  Thus the issue is whether the Intervenors can collect on the insurance, when none of the Intervenors names appear on the contract.[4]

Owners aver that the name of Estate of John Schwegmann as an additional insured/loss payee does not preclude them from taking under the insurance contract.  Even though the Estate of John Schwegmann is not an owner of the building, insurance contracts do not fail merely by naming an incorrect party.  *See Providence Wash. Ins. Co. v. Stanley*, 406 F.2d 735, 736 (5th Cir. 1969).  In *Providence*, the Fifth Circuit held that the actual owners of a building were entitled to insurance coverage even though the

---

[3]Plaintiff contends that the Estate of John Schwegmann is not a loss payee, but rather is listed as an "additional insured."  However, the Plaintiff is unable to adequately explain why that terminology is significant.  It is unclear what rights a "loss payee" would have that an "additional insured" would not have.  Indeed, in depositions, representatives of United Fire could not adequately explain if those terms conferred different rights upon the parties.

[4]The Intervenors in this action are (1) John Francis Schwegmann Trust No. 2, (2) John Guy Schwegmann, (3) Laurie S. Damaré, and (4) Heidi Schwegmann Leporowski.  These constitute four of the owners of the building.  The Estate of John Schwegmann is not an intervenor in this action.

insurance contract named a corporation as the insured.  The court concluded that an incorrect designation will not necessarily void the contractual obligation.

It seems clear to the Court that the "Estate of John Schwegmann" is a shorthand for all the owners of the building, leading the Court to conclude that the parties intended to include the Owners as additional insureds on the building.  This conclusion is bolstered by the fact that the Estate of John Schwegmann was listed as a loss payee or additional insured at every insurance review that Plaintiff had.[5]  It is well-settled that an insured is presumed to know the terms of his insurance policy.  *See, e.g. Stephens v. Audubon Ins. Co.*, 665 So. 2d 683 (La. App. 2 Cir. 1995).

Thus it appears clear to this Court that Intervenors were intended to be additional insureds.  The Court does not decide

---

[5]Exhibits A and B to Intervenors' Reply Memorandum specifically define the Estate of John Schwegmann as including all of the Owners of the building.

Exhibit A, entitled, "Evidence of Property Insurance" lists "Estate of John Schwegmann, Jr, John Francis Schwegmann Trust II, Guy G. Schwegmann Trust II, John Guy Schwegmann, Laurie B. Schwegmann & Heidi E. Schwegmann, L.L.C." as additional insureds on the property.

Exhibit B collects the insurance review documents prepared each year for Plaintiff.  Each document lists "Estate of John Schwegmann" as an additional insured.  Then each document defines "Estate of John Schwegmann" as "Estate of John Schwegmann Jr., Jon Francis Schwegmann Trust II, Guy G. Schwegmann Trust II, John Guy Schwegmann, Laurie D. Schwegmann & Heidi Schwegmann, L.L.C."

today the proper distribution of any insurance proceeds.  At this juncture, the Court only holds that Intervenors are additional insureds/loss payees on the insurance contract for the property located at 2222 St. Claude Avenue.

## CONCLUSION

Accordingly, Intervenors' motion for summary judgment (Rec. Doc. 71) is **GRANTED.**

New Orleans, Louisiana this the 9th day of July, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE