UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARKETFARE ANNUNCIATION, LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     06-07232** |
| **UNITED FIRE & CASUALTY INSURANCE CO., ET AL.** | **SECTION: "T" (4)** |

### ORDER

Before the Court is a **Motion for Sanctions as a Result of United Fire's Spoliation of Relevant Electronic Evidence (R. Doc. 177)**, filed by the Plaintiffs, seeking an order from the Court sanctioning the Defendants for spoliating electronic evidence relevant to the action. In opposition, the Defendants filed **Defendant's Memorandum in Opposition to Plaintiff's Motion for Sanctions for Alleged Spoliation of Evidence (R. Doc. 206)**. Thereafter, in a **Motion for Leave to Supplement Record (R. Doc. 207),** the Plaintiffs submitted additional documents in support of its motion. The subject motion was heard by oral argument on October 17, 2007.

### I.     Background

On August 24, 2006, the Plaintiffs filed these consolidated lawsuits against their insurer and various individuals ("Defendants") who were involved in adjusting their pending insurance claim for damages sustained to their supermarket businesses from Hurricane Katrina. Unsatisfied with the Defendants' insurance payments for the damage to their businesses, the Plaintiffs filed several separate suits in state court seeking to recover for breach of the insurance contracts covering the

businesses, and for breach of the statutory duties under Louisiana law. The Defendants removed these actions to this Court based on diversity jurisdiction, where the cases were eventually consolidated. The deadline for discovery was on October 1, 2007 and the two-week trial in this matter is scheduled to begin on November 26, 2007. (R. Doc. 49.)

On September 25, 2006, the Plaintiffs wrote the Defendants, formally providing notice to the Defendants to "preserve electronic records" related to the claims asserted. (R. Doc. 177-3, Ex. B.) The Plaintiffs requested the Defendants to "instruct your clients, as well as their personnel, to refrain from destroying any documents related to this litigation, including electronic communications, e-mails and backup tapes. This notice includes a request that your clients discontinue any automatic destruction process." (R. Doc. 177-3, Ex. B.) Consequently, the Plaintiffs submitted interrogatories and document production requests, seeking the production of electronic data, among other things. (R. Doc. 177-3, Ex. C, Ex. D, Ex. I.)

In response to the Plaintiffs' concerns, the Defendants informed the Plaintiffs that all emails relevant to a claim were imported into the claims files. (R. Doc. 177-5, Ex. F, p. 4.) To preserve emails, an employee must send an email to another individual and then exercise his or her discretion to add it into the claims file. (R. Doc. 177-7, Ex. M, p. 6.) Otherwise, "there is no specific policy relating to the destruction, deletion and/or preservation of electronic mail. UF [the Defendant's] employees may retain or delete emails according to individual preferences. From a technical standpoint, detailed emails are 'backed up' for 30 days." (R. Doc. 177-7, Ex J, pp. 4-5.)

The Defendants admitted that, "It is unknown if or whether emails or electronic evidence relative to plaintiffs' claims have been lost or destroyed, or when such information may have been lost or destroyed; however, to United Fire's knowledge, nothing substantive to these claims has been

lost or destroyed since the institution of these lawsuits." (R. Doc. 177-7, Ex. J, p. 6.)

The Defendants used Exchange, an enterprise electronic mail system, and Image Right, an enterprise document storage management system. (R. Doc. 177-7, Ex. N, p. 12.) According to the Defendants' employee, Bruce Miller ("Miller"), the system stores one week's worth of data and then "the next week is written over." (R. Doc. 177-7, Ex. N, p. 13.) However, although the files "can be deleted from being seen . . . they never get deleted off the system." (R. Doc. 177-7, Ex. N, p. 13.) Miller testified that "[t]he system retains them forever. We never have deleted a file off of the system totally. When a user deletes it, all they do is basically hide it from view." (R. Doc. 177-7, Ex. N, p. 13.) Thus, files and personal folders are preserved indefinitely within the imaging server. (R. Doc. 177-7, Ex. N, pp. 11-12, 14.)

Miller admitted that he was never asked by the Defendants to preserve or put a "litigation hold" on any documentation arising from the Plaintiffs' insurance claims, and neither did he do so. (R. Doc. 177-7, Ex. N, pp. 14-17.) Furthermore, Miller testified that the Defendants do not archive emails and have never done so. (R. Doc. 177-7, Ex. N, pp. 22-23.) However, Gerald "Jay" Daussin ("Daussin"), the Defendants' employee, made verbal inquiries with three individuals "who were involved in the [Plaintiffs']file to make sure that nobody has any e-mails anywhere." (R. Doc. 177-5, Ex. G, p. 9.)

Miller also admitted that he kept an electronic calendar on his computer. (R. Doc. 177-5, Ex. F, p. 5.) However, Miller did not recall whether anyone inspected every employee's computer to determine what electronic data was relevant. (R. Doc. 177-5, Ex. F, p. 4.)

Another of the Defendants' employees, David Conner ("Conner"), maintained that although he did not have any saved emails, he remembered being asked to "preserve" electronic data once.

3

(R. Doc. 177-7, Ex. M, p. 6.)  Conner testified that he did not save any other emails than those he sent or received that eventually were submitted to the claims file.  (R. Doc. 177-7, Ex. M, p. 4.)  However, Conner maintained that all emails relative to the claim file are entered into the claim file and preserved.  (R. Doc. 177-7, Ex. M, p. 6.)

After the Plaintiffs obtained various discovery responses from the Defendants, they discovered that not all emails relevant to their claim were included in the claims file, leading them to believe that emails and other electronic data relevant to the matter may have been deleted.  (R. Doc. 177-2, p. 16.) Such emails included correspondence between adjusters exchanged from the "unitedfiregroup.com," "propertylossconsulting.com," "hotmail.com," and "aol.com" email server domains.  (R. Doc. 207-2, Ex. 2.)  The Plaintiffs also discovered a memo, possibly written by Miller, that encouraged employees to send emails rather than making phone calls to encourage productivity and efficiency.  (R. Doc. 177-5, Ex. F, p. 2.)

The Plaintiffs contend that the Defendants failed to (1) place a mandatory "litigation hold" on all electronic data relating to the processing and handling of Hurricane Katrina claims, as evidenced by various emails the Plaintiffs later discovered, (2) preserve electronic information relating to the Plaintiffs' claims on backup or archiving systems, and (3) request relevant emails from the key players who were involved in the administration of the claim, and instead they relied upon the information in the claims file and represented that the production was complete.  Accordingly, the Plaintiffs request that the Plaintiffs be permitted to retain an expert at the Defendants' expense to review the Defendants' systems for relevant data.  Furthermore, if the data has been irretrievably deleted, the Plaintiffs seek monetary sanctions and adverse jury instructions against the Defendants, or that the Defendants' defenses be stricken.

The Defendants counterargue that (1) they preserved the relevant emails by placing them in the claims file and there is no evidence that emails relevant to the claim were destroyed and deleted, (2) when they failed to produce all relevant emails because they were not in the claims file, they produced them when they were located, (3) a litigation hold would cripple their operations if they were required to preserve all emails relative to all Katrina claims, and (4) if production was not complete, the rules mandate that the Plaintiffs first file a motion to compel more complete responses, rather than unilaterally filing a motion for sanctions.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 16(b) authorizes district courts to control, manage, and expedite the discovery process through a scheduling order.  Consistent with Rule 16, trial courts have broad discretion to preserve the integrity and purpose of the pretrial scheduling order. *Geiserman v. McDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quotations and citations omitted).  Rule 16(f) provides that "[i]f a party or party's attorney fails to obey a scheduling . . . order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just."

## III.    Analysis

The **Scheduling Order (R. Doc. 49)** in this matter specifies that "all discovery shall be completed no later than October 1, 2007."  (R. Doc. 49, p. 1.)  The Plaintiffs filed this motion for sanctions on September 18, 2007, on the eve of the discovery deadline; hearing on the motion was scheduled for October 3, 2007, *after* the discovery deadline; and the motion was ultimately heard on October 17, 2007. (R. Doc. 177-8.)  In the motion, the Plaintiffs did not seek expedited relief of their motion, nor did they provide an adequate explanation for its submission given the time constraints set by the Court.  Thus, the motion could not be heard and any compliance with an order

issued by the undersigned magistrate judge could not be completed in time for the close of discovery.

The Plaintiffs fail to explain what prevented them from pursuing this discovery matter earlier or adequately justify their delay in seeking court intervention. At no time did the Plaintiffs request an extension for the discovery deadline or request that their motion be expedited, despite the urgency of the matter.

Furthermore, the Court is of the opinion that the appropriate method for relief for this non-production of electronic data was for the Plaintiffs to first move to compel the production of omitted materials, as opposed to bypassing this step in the discovery process and seeking sanctions directly. *See* Fed. R. Civ. P. 37; *Wood Group Pressure Control, L.P. v. B&B Oilfield Services, Inc.*, No. 06-03002, R. Doc. 293 (E.D. La. Apr. 27, 2007) (awarding sanctions for the spoliation of electronic evidence where this Court has determined the violating party disregarded court orders to preserve such electronic evidence). The Plaintiffs have not shown that the Defendants violated a court order mandating the preservation of electronic evidence.

Given that trial is imminent and that discovery has closed, the Court in its discretion declines to address the merits of the Plaintiffs' motion for sanctions because doing so at this juncture would be in direct contravention of the Scheduling Order.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Sanctions as a Result of United Fire's Spoliation of Relevant Electronic Evidence (R. Doc. 177)** is **DENIED**.

New Orleans, Louisiana, this  5th  day of November 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**