UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARKETFARE ANNUNCIATION, LLC** <br> **AND ROBÉRT RESOURCES, LLC** | **CIVIL ACTION NO. 06-7232** <br> **C/W 06-7639, 06-7641, 06-7643,** <br> **AND 06-7644** |
| **vs.** | **APPLIES TO ALL CASES** |
| **UNITED FIRE & CASUALTY COMPANY** | **SECTION "T" (4)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Partial Summary Judgment regarding the Applicability of the Amended Version of LSA-R.S. § 22:658 to Plaintiffs' Claims. Rec. Doc. 111. Defendant filed an Opposition to the Motion. Rec. Doc. 183. The Motion came for hearing with Oral Argument on September 28, 2007 and was taken under submission. The Court, having considered the memoranda and arguments of the parties, the law, and applicable jurisprudence is fully advised in the premises and ready to rule.

**I.      BACKGROUND**

This action arises out of an insurance dispute between Plaintiffs, the owners and operators of Robert Fresh Market supermarkets, and Defendant, United Fire Insurance Company, relating to losses due to Hurricane Katrina. The action alleges, *inter alia*, that Defendant is liable for penalties pursuant to LSA-R.S. § 22:658 for acting arbitrarily, capriciously or without probable cause in the handling and adjustment of Plaintiffs' claims. Plaintiffs filed the instant Motion arguing that the amended version of LSA-R.S. § 22:658 enacted August 15, 2006, which increased the available statutory penalty from 25% to 50% and which authorizes the assessment of attorneys fees, is applicable to the facts of this case because: (1) the 2006 amendments to LSA-R.S. § 22:658 are remedial as they deal with a remedy rather than a right and therefore, apply retroactively; (2) the

1

Louisiana legislature impliedly declared that the amended version of LSA-R.S. § 22:658 should apply to claims against insurers stemming from Hurricane Katrina and Rita; and (3) United Fire's bad faith conduct began pre-amendment and continued post-amendment, therefore, the newly amended version applies.  Rec. Doc. 111.

## II.    LAW AND ANALYSIS

Summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  Federal Rule of Civil Procedure 56.  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  *Id.*  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  *Id*. at 249-50 (citations omitted).

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  *See Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).  Rather, the non-movant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  *Id.*  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  *Martin v. John W. Stone Oil Distrib., Inc.,* 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party.  *Anderson*, 477 U.S. at 255.

### A. RETROACTIVITY OF LSA-R.S. § 22:658

The current version of LSA-R.S. § 22:658, which is the version Plaintiffs seek to apply, went into effect on August 15, 2006 and provides, in pertinent part:

> A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, 657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, **shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest**. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.
>
> ...
>
> (4) All **insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim**.
>
> B. (1) **Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4),** respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), **when such failure is found to be arbitrary, capricious, or without probable cause**, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

LSA-R.S. 22:658 (emphasis added)

The Court initially notes that there has been no finding by the trier of fact in this case that

3

United Fire has acted arbitrary, capricious or without probable cause in failing to pay Plaintiffs' claims after satisfactory proof of loss or in failing to offer to settle a property damage claim within thirty (30) days after Plaintiffs submitted satisfactory proof of loss. Accordingly, any discussion of the applicable penalties attributable to United Fire in handling the claim is premature. Nevertheless, the trial of this matter is imminent and in the interest of judicial efficiency and economy, the undersigned decides the issues raised in the motion at this time.

Plaintiffs' arguments that LSA-R.S. § 22:658 should apply retroactively because it is remedial in nature and because the Louisiana legislature has implied that it apply retroactively are not supported by the Louisiana jurisprudence and the recent decisions of the judges of this District who have consistently held that the 2006 amendments to LSA-R.S. § 22:658 do not apply retroactively. The Judges of this District are in agreement that conduct which solely occurred pre-amendment is not susceptible to the increased penalties and the attorneys fees provision in the 2006 amended version of LSA-R.S. § 22:658 *See Empire Inn, LLC v. State Farm Fire and Casualty Company, 2007 WL 2751203 (*ED La. 9/18/2007)(Zainey, J); *Conlee v. Fireman's Fund Insurance Company, 2007 WL 2071860* (ED La. 7/17/2007)(Barbier, J*); Ferguson v. State Insurance Company*, 2007 WL 1378507 (ED La. 5/9/2007)(Berrigan, J); *Espesito v. Allstate Insurance Company,* Civil Action No. 06-1837 (ED La. 4/16/2007)(Zainey, J.); *Weiss v. Allstate Insurance Company,* 2007 WL 1017341 (ED La. 3/28/2007)(Vance, J). Further support for the non-retroactivity of the 2006 amendments to LSA-R.S. § 22:658 is found in state court jurisprudence dealing with prior amendments to the statute and holding that those amendments, similar to those at issue here, were not retroactive. *See Lewis v. State Farm*, 41,528-529  (La. App. 2nd Cir. 2006); 946 So 2d 708, 728-29; *Geraci v. Byrne*, 06-58 (La. App. 5th Cir. 6/28/2006); 934 So. 2d 263, 267;

*Francis v. The Travelers Insurance Company, et al.* 581 So. 2d 1036, 1044 (La. App. 1991); *Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited, et al.* 554 So. 2d 1347, 1354 (La. App. 1st Cir. 12/19/1989). While Plaintiffs make some interesting and articulate arguments why the statute should apply retroactively, those same arguments have been rejected by other judges of this District as well as by the Louisiana state courts. The Court is not persuaded by Plaintiffs' arguments that it should deviate from this long list of precedent finding that the 2006 amendments to LSA-R.S. § 22:658 are not retroactive. The undersigned adopts the reasoning pronounced in the above-referenced opinions and finds that the 2006 amendments to LSA-R.S. § 22:658 are clearly substantive in nature and thus, should not be applied retroactively.

### B.  Whether the 2006 Amendments to LSA-R.S. § 22:658 apply to bad faith conduct which began prior to the effective date of the Amendment and continued after the Act's effective date.

The 2006 amendments to LSA-R.S. § 22:658 would apply prospectively to causes of action for bad faith which accrued after the August 15, 2006 effective date. Plaintiffs do not provide arguments that their cause of action under LSA-R.S. § 22:658 accrued post-effective date; rather, they urge that because United Fire's alleged bad faith conduct began prior to the statute's August 15, 2006 effective date and continues to this date, then the current version of LSA-R.S. § 22:658 applies. Plaintiffs base this argument upon cases recognizing that an insurer is under a continuing duty to investigate, assemble, and assess factual information before denying benefits and to conduct a reasonable investigation throughout the course of its denial of a claim. Rec. Doc. 111 at p. 19. Plaintiffs urge that even if the statute is not retroactive, the Court can nonetheless consider actions that occurred pre-amendment if those actions continue to occur after the statute's effective date. However, they cite no jurisprudence which has reached such a result.

5

This Court first rejects Plaintiffs' arguments that LSA-R.S. § 22:658 applies to actions taken by an insurer once the litigation has commenced. *See Premium Finance Company v. Employers Reinsurance Corp.*, 761 F. Supp. 450, 452 (W.D. La. 1991)(holding that once the suit is commenced, any actions by the insurer is not viewed in assessing whether the penalty statute is applicable). This is because applying the statutes in such circumstances would lead to the absurd result of exposing "all litigation with insurers on the main demand to protracted collateral litigation concerning the insurer's post-filing negotiations, as colored by attorney advice, issue development and court rulings," thwarting the statutory goal of quick resolution of disputed claims and impeding just and reasonable post-filing negotiations. *Premium Finance,* 761 F. Supp. at 452. *Accord Husseiny v. Indep. Fire Ins.,* 1996 WL 637547, *6 (E.D. La. 11/1/96)(Porteous, J)(finding that post-litigation conduct of an insurance company shall not be considered in assessing whether the penalty provisions of LSA-R.S. § 22:1220 are applicable). Accordingly, any actions by United Fire post-August 24, 2006 (the date these consolidated suits were filed) will not be considered in determining the statute's applicability.

Further, the issue is not whether United Fire's alleged conduct continued post-amendment. Rather, the controlling inquiry is whether the Plaintiffs' cause of action or right came into existence before or after the effective date of the 2006 amendment. In *Francis v. Travelers Ins. Co.*, 581 So.2d 1036 (La. App. 1st Cir. 1991), the Louisiana First Circuit found that the right to the penalty asserted under LSA-R.S. § 22:658 comes into existence when satisfactory proof of loss is submitted and the claim is not paid after the passage of time period enumerated in the statute. In *Francis*, there was no evidence in the record regarding the date satisfactory proof of loss was made to the insurer; however, the record did reveal evidence of a June 2, 1986 letter from the plaintiff to the insurer

6

attaching the medical records which made the basis for his claim. Using that date as the date the proof of loss was submitted, the court noted that sixty (60) days later the cause of action under LSA-R.S. § 22:658 for penalties arose when no payment was made. Because plaintiff's action for penalties arose after the June 26, 1986 effective date of the statute, the newly amended 10% penalty applied and not the older 12% penalty in place when the suit was filed. *Francis,* 581 So. 2d at 1044.

The *Francis* approach was followed by the Louisiana appellate courts in *Geraci v. Byrne*, 06-58 (La. App. 5th Cir. 6/28/2006); 934 So. 2d at 267 and *Lewis v. State Farm*, 41,528-529 (La. App. 2nd Cir. 2006); 946 So 2d 708, 728-29[1] wherein both courts held that the time when the cause of action arises under LSA-R.S. § 22:658 is determinative of which version of the statute applies. The cause of action arising when satisfactory proof of loss has been made and no payment has been tendered in the proscribed time limits. *Accord Gulf Wide Towing, Inc. v. F.E, Wright (U.K.) Limited,* 554 So. 2d 1347, 1354 (La. App. 1st Cir. 1989)(finding that claim under LSA-R.S. § 22:658 comes into existence once satisfactory proof of loss has been submitted and no payment has been made in the sixty (60) days thereafter. The version of the statute in place on that date controls the applicable penalties).

Similarly, in *Madere v. State Farm Fire & Casualty Company*, 2007 WL 165553 (ED La. 6/5/2007), Judge Duval was recently faced with a similar issue. In *Madere,* both parties agreed that the 2006 amendments to LSA-R.S. § 22:658 were not retroactive; however, Plaintiffs urged that because State Farm "refused to reexamine its position and honor its commitment after August 15, 2006" the 2006 amended version of the statute should apply. Defendant urged that because

---

[1] In those cases, the 2003 amendment to LSA-R.S. § 22:658 which eliminated from recovery attorneys fees was at issue.

Plaintiffs filed suit prior to August 15, 2006, the amendment was not applicable. Judge Duval found that "an insured's right to penalty under § 658 comes into existence only after the insurer fails to pay a claim within thirty (30) days of receiving satisfactory proof of loss." *Citing Francis*, 581 So. 2d at 1044. "The critical factor in determining the applicability of the amendment to § 658 is not whether the suit was filed prior to the effective date of the amendment, ...but rather whether the thirty day period within which State Farm had to pay the claim, trigger[ed] by its receipt of the "satisfactory proof of loss," expired on or after August 15, 2006." Judge Duval denied the Motion for Summary Judgment because there was no evidence showing when, or if, plaintiffs provided State Farm with satisfactory proof of loss. Thus, Judge Duval could not determine whether the thirty (30) day period during which State Farm should have timely paid payment, elapsed prior to or after the effective date of the amendment.

The analysis in the aforementioned cases has been applied in actions involving the application of the enacted version of LSA-R.S. § 22:1220. In *Manuel v. The Louisiana Sheriff's Risk Management Fund*, *et al.* 664 So. 2d 81, 87-88 (La. 1995), the Louisiana Supreme Court was called upon to decide whether newly enacted LSA-R.S. § 22:1220 applied to the failure of an insurer to pay a settlement which was entered into over a year after the effective date of that statute but when the insurance policy was issued and suit was filed pre-enactment. The Louisiana Supreme Court decided that the cause of action that gave rise to the litigation was the failure of the insurer to pay the settlement funds within thirty (30) days after the settlement was reduced to writing. Because the statute had prospective application only, it was of no consequence that the insurance policy and the accident pre-dated the statute since the conduct which exposed the defendants to liability (i.e. failure to timely pay the settlement) occurred after the statute became law. *Manuel,* 664

So. 2d at 87-88. Thus, the critical time period was when the cause of action arose.

The undersigned has also previously held in line with the precedent discussed above. In *Kiefer v. State Farm Mutual Automobile Co.*, 1999 WL 147673 (ED La. 3/11/99)(Porteous, J), the issue was whether LSA-R.S. § 22:1220, effective on July 6, 1990, applied to an insurer's conduct which continued after the statute's effective date. In *Kiefer*, the undersigned found that the insured had been complaining of the bad faith conduct since 1989 (pre-enactment) and specifically rejected the argument that if the bad faith continued past the July 1990 effective date, that the statute would be applicable to conduct occurring pre-enactment. Relying on *Manuel*, this Court agreed that if the alleged bad faith occurred (i.e. began) after the effective date of the statute, such as when a settlement is reached and not funded within thirty (30) days, then the statute would apply prospectively to such a claim. However, because it was clear that State Farm's failure to make any tender began in 1989 and continued after the statute's enactment, the statute was not applicable to the pre-amendment facts of the case. *Kiefer,* 1999 WL 147673 * 7. *Accord Rusch v. Cook,* 619 So. 2d 122 (La. App. 1st Cir. 1993)(refusing to impose a substantive obligation on the insurer retroactively simply because settlement efforts were "continuing" after the effective date of the act).

Turning to the instant matter, the Court must first determine whether satisfactory proof of loss was made and the expiration of the thirty (30) window occurred prior to August 15, 2006. Satisfactory proof of loss as defined in LSA-R.S. § 22:658 occurs when the insurer has adequate knowledge of the loss and is sufficiently apprised of the insured's claim. *Cotton Bros. Baking Co. v. Industrial Risk Insurers,* 941 F.2d 380, 386 (5th Cir.1991), on rehearing, 951 F.2d 54, cert. denied, 504 U.S. 941, 112 S.Ct. 2276, 119 L.Ed.2d 202 (1992); *Hart v. Allstate Ins. Co.*, 437 So.2d 823, 828 (La.1983); Matter of Hannover Corp. of America  67 F.3d 70, *73 (5th Cir. 1995); *McDill v. Utica*

*Mutual Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985). The purpose of the proof of loss provision in LSA-R.S. § 22:658 is to fully apprise the insurer of the nature and amount of the claim. *Benoit v. American Mutual Insurance Co. of Boston*, 236 So. 2d 674, 677 (La. App. 3rd Cir. 1970).

Plaintiffs filed five petitions (5) in state court on August 24, 2006 against United Fire and others arising out of losses sustained to five (5) grocery stores because of Hurricane Katrina. All five (5) of the actions were removed here and consolidated. Although filed separately, all of the petitions provide the same set of facts as they relate to the date Plaintiffs began providing information of their losses to United Fire or their representatives and as it relates to United Fire's adjustment of this loss. Plaintiffs assert they began providing financial information concerning their business interruption claims to the adjustment company hired by the Defendant in September 2005. Rec. Doc. 111, p. 6 and State Court Pleadings attached to Rec. Doc. 1 in All Consolidated Civil Actions. Plaintiffs also submit that they subsequently provided this same information again in December 2005 and in January 2006. *Id.* In addition to documentation on the business interruption claims, Plaintiffs provide that they have "continuously provided the Insurer Defendants with documentation establishing additional losses, including but not limited to: damage to the building structure; the loss of personal property located inside Plaintiff's business establishment; the loss associated with spoilage of the Plaintiffs' perishable stock; the loss of property, including cash, due to theft/crime; and the loss of property and inventory as well as damage to Plaintiffs' business establishment due to vandalism, burglary and/or looting." See State Court Pleadings attached to Rec. Doc. 1 in All Consolidated Civil Actions.

Plaintiffs urge that by early July 2006, despite having a plethora if information on the claims, United Fire made no payment. Therefore, a July 28, 2006 meeting was scheduled during which

Plaintiffs expected to be paid insurance proceeds; however, no payments were made. Rec. Doc. 111, p. 8. Another meeting with an adjuster hired by United Fire to adjust the loss took place on August 22, 2006 at which time Plaintiffs were informed that United Fire "wanted to start the entire adjustment process over again." Rec. Doc. 111, p. 8.

There is ample evidence to suggest that Plaintiffs provided United Fire the requisite satisfactory proof of loss and fully apprised them of the claims prior to the August 15, 2006 effective date of the amended version of LSA-R.S.§ 22:658. As early as September 2005, Plaintiffs provided Defendant with financial information regarding their claims and began seeking insurance proceeds. This **same information** was provided again in December 2005 and January 2006 and requested by United Fire at the August 22, 2006 meeting. Accordingly, by Plaintiffs own admission, it fully apprised United Fire of their insurance claims in September 2005 and reiterated those claims utilizing the same documents again and again. Further, in July 2006, prior to the effective date of the amended version of the statute, Plaintiffs expected payment of their claims from the newly appointed United Fire adjuster. Surely, Plaintiffs would expect United Fire to be fully apprised of the claims prior to this meeting if they expected payment at that time. Based upon the foregoing facts, the Court finds that all of the relevant events leading to Plaintiffs' alleged cause of action under LSA-R.S. § 22:658 arose prior to the August 15, 2006 effective date of the amendments. The fact that United Fire's alleged bad faith conduct in failing to pay and properly adjust the claim may have continued after the 2006 amendment's effective date is of no consequence as the cause of action arose in 2005 when United Fire became apprised of the claim through Plaintiffs supplying them with the requested documents and its subsequent failure to timely pay. All actions after that time relating to United Fire's failure to pay simply relate back to its initial alleged breach of its

statutory duty.  If the Jury finds that the actions of United Fire in failing to pay the claim after presentation of the satisfactory proof of loss are either arbitrary, capricious or without probable cause, then Plaintiffs would be entitled to the penalties under LSA-R.S. § 22:658 in effect in 2005.

Finally, the Court notes that Plaintiffs reliance on the August 22, 2006 meeting between it and United Fire's insurer does not change the analysis.  This sole alleged action by United Fire prior to suit being filed and after the amended version of the statute does not represent that the cause of action arose on that date as the Plaintiffs' documents apprising United Fire of their claims had been produced some time prior to this meeting and Plaintiffs have acknowledged that it apprised United Fire at that meeting that it had all the documents needed to adjust the loss.  Further, Plaintiffs had filed five (5) lawsuits alleging that United Fire acted arbitrarily and capriciously only two (2) days later and in those suits laid out United Fire's conduct beginning in September 2005.  Thus, the record is clear that the cause of action arose prior to the August 22, 2006 filing date and the August 15, 2006 effective date of the statute.

For the foregoing reasons, the Court finds that Plaintiffs' cause of action for penalties under LSA-R.S. § 22:658 arose prior to the effective date of the 2006 Amendment.  As such, Plaintiffs' Motion for Summary Judgment requesting that the Court apply the Amended Version of LSA-R.S. § 22:658 to this action is **DENIED.**

Accordingly,

**IT IS ORDERED** that Plaintiffs Motion for Partial Summary Judgment (Rec. Doc. 111) is **DENIED.**

New Orleans, Louisiana, this 21st day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.