```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARKETFARE ANNUNCIATION, LLC,          CIVIL ACTION
ET AL.

VERSUS                                 NO: 06-7232
                                       RE: ALL CASES

UNITED FIRE & CASUALTY                 SECTION: "J" (4)
COMPANY, ET AL.
```

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion in Limine to Exclude Testimony of Any "Bad Faith" Experts at Trial (Rec. Doc. 305). For the reasons below, Plaintiff's Motion is **GRANTED**.

**Background**

This case arises out of damage Plaintiffs sustained to their businesses as a result of Hurricane Katrina. The facts of how the buildings and business may have been damaged are not particularly relevant to this motion. However, Marketfare filed suit against United Fire alleging underpayment on the insurance contract as well as claims for bad faith under La. Rev. Stat. Ann. §§ 22:658 and 1220. Plaintiffs filed this motion seeking a ruling in limine that "bad faith" expert testimony will not be helpful to the jury, and therefore should be excluded. *See* Fed.

R. EVID. 702.

## Discussion

Given the large number of insurance bad faith cases in Louisiana following Hurricanes Katrina and Rita, one would have expected this issue to have been litigated and decided by courts of the state.  However, extensive research could not find a single Louisiana court that addressed the issue of whether a "bad faith" would be permitted to testify at trial.  Notably, there are several jurisdictions that have addressed the issue, as well as a few commentators and scholars.

As the Defendant notes, the admissibility of experts' testimony in a federal court is governed by FED. R. EVID. 702. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002); *Doddy v. Oxy USA Inc.*, 101 F.3d 448, 459 (5th Cir. 1996).  The rule provides:

> "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise, if (1) the testimony is based upon sufficient facts or data (2) the testimony

is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id.*[1]

A trial court is given broad discretion to rule on the admissibility of an expert's evidence. *See Hathaway v. Bazany*, 507 F.3d 312, 317 (5th Cir. 2007); *United States v. Fullwood*, 342 F. 3d 409, 412 (5th Cir. 2003). The proponent of testimony has the burden of establishing that the pertinent admissibility requirements are met. FED. R. EVID. 104(a) cmt.; *Fullwood*, 342 F.3d at 412.

The question before the Court is whether testimony of "bad faith" experts would "assist the trier of fact to understand the evidence or determine a fact issue."[2]  Plaintiff is correct

---

[1] FED. R. EVID. 702 was amended in 2000 to reflect changes in the rule promulgated by *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993). *Daubert* and its progeny require district courts to sit as "gatekeepers" and prevent unreliable expert testimony.  There is no question of reliability of the bad faith experts, and the only issue seems to be whether the experts would be helpful to the trier of fact.

[2] An expert on bad faith is not required for a Plaintiff to recover for it. *See Dixon v. First Premium Ins. Group*, 934 So. 2d 134, 141-45 (La. App. 1 Cir. 2006)(finding that penalties for bad faith were appropriate even though Plaintiff did not provide an expert saying so); *Kodrin v. State Farm Fire Ins. Co.*, 2007 WL 4163437 (E.D. La. Nov. 21, 2007)(noting that a jury found penalties for bad faith even though no expert testified); *Grilletta v. Lexington Ins. Co.*, 2007 WL 2695340 (E.D. La. Sept. 11, 2007)(finding bad faith penalties applicable even though no expert testified on the issue).  Scholars agree that "expert testimony is not generally required to establish bad faith or

3

that when a jury can adeptly assess a situation using only their common experience and knowledge, expert testimony is unnecessary. *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990). Although no Louisiana courts have dealt with the precise issue at hand, courts from several jurisdictions have considered the issue.[3] Not surprisingly, there are decisions on both sides of the issue.[4]

On one side of the spectrum sits *Thompson v. State Farm Fire & Casualty Co.*, 34 F.3d 932, 939 (10th Cir. 1994). In *Thompson*, the Tenth Circuit upheld the district court's decision not to allow a bad faith expert. The court concluded that "jurors may properly be viewed as capable of evaluating good and bad faith (just as they regularly determine what constitutes the conduct of a "reasonable' person) by bringing their own common sense and life experience to bear." *Id.* at 939. The court continued that "where . . . expert testimony is offered on an issue that a jury is capable of assessing for itself, it is plainly within the trial court's discretion to rule that testimony inadmissible because it would not even marginally assist the trier of fact."

---

other improper handling of a claims."  17A COUCH ON INSURANCE § 252:25.

[3]Interestingly, the Court could find neither a Fifth Circuit case nor any case from a federal district court in the state.

[4]*See* 2 DAVID L. LEITNER, ET AL., LAW & PRACTICE OF INSURANCE COVERAGE LITIGATION § 24:7 (2007)(collecting cases).

*Id.* at 941.[5]

In *Crow v. United Benefit Life Insurance Co.*, 2001 WL 285231 (N.D. Tex. Mar. 16, 2001), the court considered the same issue. In that case, Judge Fish was concerned that allowing the bad faith expert to testify would invade the province of the jury to delineate when a breach of good faith occurred. The court further determined that because the evidence the expert would provide was within an area that the jury can determine for itself, it would not allow the expert to testify. *Id.*

However, there are clearly courts that have fallen on the other side, concluding that a bad faith expert would assist the trier of fact. *See Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069, 1089 (N.D. Cal. 2002) *overruled on other grounds*, 373 F.3d 998 (9th Cir. 2004). In *Hangarter*, the court considered a bad faith claim where there was alleged a "company-wide scheme to terminate expensive disability claims to increase profits." *Id.* at 1084. In that case, Plaintiff's expert testified that a special "round table" set up by the defendant violated insurance ethical standards in several areas. Therefore the jury was permitted to conclude that the insurance company did

---

[5] *See also Denison Custom Homes, Inc. v. Zurich Am. Ins. Co.*, 2005 WL 5994166 (S.D. Tex. Mar. 15, 2005)(relying on *Thompson* to determine that a bad faith expert would not assist the trier of fact.

not act in good faith.

In a less extreme example, an appellate court in Ohio approved of a bad faith expert who testified as to claims procedures and the workings of uninsured motorist insurance. The court found that the trial court did not abuse its discretion in determining that the bad faith expert testified as to matters "beyond the knowledge or experience possessed by laypersons or dispels a misconception common among laypersons." *Furr v. State Farm Mut. Auto. Ins. Co.*, 716 N.E.2d 250, 258 (Ohio Ct. App. 1998).

The claims in this case do not seem to be overly complicated. At its most basic, the claim is there was no reasonable basis to deny payment of certain claims. Defendant, the proponent of the testimony, has offered no evidence or statement which would show why or how the expert testimony would benefit the trier of fact, beyond a conclusory statement that "clearly, expert testimony would assist the trier of fact." Defendant does contend that the proffered experts would give testimony relating to "the obligation of an insurer to determine which part of a claimed loss is covered by flood insurance; the adequacy of instructions given by an insurer to be [sic] an adjuster; the rules or codes of acceptable conduct for insurance adjusters; the adequacy of training given to adjusters; and the

6

insurance industry standards for reporting and adjusting insurance claims."  However, these issues have been present in almost every Hurricane Katrina case tried by this Court, and it is not clear why expert testimony is necessary for the jury to understand the reasonableness standard set forth by the statute.

Defendant has not met its burden as the proponent of the testimony that the expert testimony is or should be admissible.  Therefore this Court grants the motion of the Plaintiff to exclude the bad faith expert testimony.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion in Limine to Exclude Testimony of Any "Bad Faith Experts At Trial (Rec. Doc. 305) is **GRANTED.**

New Orleans, Louisiana this the 23rd day of April, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE