```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

MARKETFARE ANNUNCIATION, LLC,           CIVIL ACTION
ET AL.

VERSUS                                  NO: 06-7232
                                        REF. ALL CASES

UNITED FIRE & CASUALTY                  SECTION: "J" (4)
COMPANY, ET AL.
```

**ORDER**

Before the Court is the Schwegmann Intervenors' **Revised Motion for Approval of and Withdrawal of Attorney's Fees (Rec. D. 663).**

The Law Firm of Chopin, Wagar, Richard, and Kutcher, LLP (hereafter "Chopin") requests permission to withdraw from the registry of the Court attorneys' fees and expenses in the total amount of $830,822.36. Chopin's request includes $53,421.57 in expenses, which is unopposed. Chopin further requests $264,829.26 in actual "incurred fees"[1], plus an additional fifteen percent contingency fee on the entire judgment in favor of the

---

[1] Based on the so-called "Lodestar" method which is calculated by the hours expended in the case multiplied by the firm's customary hourly rates of $200/hour for partners, $135/hour for associates, and $90/hour for paralegals.

intervenors.[2]  This requested fee is calculated pursuant to a hybrid contingency fee contract executed between the Chopin firm and the Schwegmann Intervenors.  Neither Marketfare nor the Estate Heirs are parties to this contract, and thus are not bound by the terms of said contract.

The Brown intervenors have opposed any distribution of attorneys fees to the Chopin firm at this time, arguing that such matters should be reserved until resolution of pending state court litigation between the two sets of Intervenors.  However, during the recent oral argument held in connection with the original motion for attorneys' fees, the Court has already decided, for reasons orally stated, that the Chopin firm was entitled to recover reasonable attorneys' fees and costs incurred in connection with their efforts which resulted in a substantial judgment benefitting both sets of Intervenors in this complex litigation. (Rec. D. 659) The Estate Heirs no longer contest Chopin's right to be reimbursed for its out-of-pocket costs, which amount to $53,421.57.  Accordingly, the only issue to be resolved at this time is the amount of the reasonable attorneys' fees which Chopin is entitled to withdraw from the remaining

---

[2]Of the $3,681,972 remaining in the registry of the Court, $2,557,978 reflects a judgment awarded jointly to plaintiff, Marketfare, the Schwegmann Intervenors and the Estate Heirs.  The remaining $1,123,994 reflects a judgment awarded jointly to the Schwegmann Intervenors and the Estate Heirs.

funds in the court's registry.[3]

With respect to the claim for attorneys' fees, the Estate Heirs point out that the requested fees include $64,801.22 for work done after the final judgment and after the Estate Heirs were formally allowed to intervene in the case. At that point, the Estate Heirs allege that they were separately represented in the case and cannot be charged with paying for any work performed by Chopin. The Court agrees.

The Estate Heirs also point out that $3,972.00 of the fees was for work done in opposing the attempts by the Estate Heirs to intervene. As above, the Estate Heirs argue that these fees should not be assessed against them. The Court agrees.

The Court, however, does not agree that the remainder of the Chopin billing statement lacks adequate detail to support a reduction of $45,740.00. This Court is well aware of the time and efforts expended by counsel in this complex litigation, which resulted in a substantial jury verdict after a two week trial. The Court has reviewed in detail the Chopin firm's itemized billing statement, and other than the reductions mentioned above, the Court finds that the time expended in this case by Chopin is

---

[3] At this time, Chopin is entitled to recover and withdraw its attorneys' fees and costs only from that portion of the judgment awarded jointly to the Schwegmann Intervenors and the Estate Heirs, in the amount of $1,123,994.78.

reasonable.

The Court notes that the hourly rates charged by the Chopin firm are extremely reasonable and, in fact, appear to be at the lower end of the range of the rates charged by competent, experienced attorneys for comparable complex litigation. This Court has previously approved attorneys' fees of $300 per hour for partner rates, which is 50% higher than Chopin's charged rates.

After the required reductions, the remaining actual incurred fees amount to $196,056.04 based on the Lodestar method.

In the somewhat unique circumstances of this case, the Court finds that an upward adjustment of the lodestar fee is justified, based on the contingency nature of the fee and the outstanding success obtained in this complex and difficult litigation. The Chopin firm undertook to represent the Schwegmann Intervenors early in this litigation, and did so at a considerable risk due to the unusual, hybrid contingency fee contract, which set a very low hourly rate with a 15% contingent factor. However, under its hybrid contract, Chopin would not collect even its hourly billings unless it prevailed at trial. Not only did Chopin risk not being paid any attorneys' fees for its work, but it also risked not recovering most of it's out-of-pocket costs which were advanced to pursue the claims of the intervenors. The Court has

considered all of the *Johnson* factors[4] and finds that an upward adjustment of 50% of the lodestar amount is reasonable under the circumstances.[5] This upward adjustment totals $98, 028.02. The total attorneys' fees are thus adjusted upward to $294,084.06, plus the uncontested expenses in the amount of $53,421.57. Therefore, the total amount approved for attorneys' fees and expenses is **$347,505.63.**

Accordingly,

**IT IS ORDERED** that the **Revised Motion for Approval of and Withdrawal of Attorneys' Fees** is hereby **GRANTED IN PART, AND DENIED IN PART.** The Clerk of Court is authorized to draw a check in the amount of **$347,505.63** made payable to Chopin, Wagar, Richard & Kutcher, LLP, Tax Identification Number 72-1313064, 3850 N. Causeway Blvd., Suite 900, Metairie, Louisiana, 70002.

**IT IS FURTHER ORDERED** that all remaining rights to withdrawal and/or apportionment of any remaining funds in the registry of the Court shall be reserved until further orders of the Court.

---

[4] Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

[5] The Court notes that it does not reach the question of Chopin's entitlement to additional fees pursuant to its employment contract with the Schwegmann intervenors. There will be no further disbursement of the remaining funds in the registry of the Court until the remaining issues between the parties have been resolved and the remaining funds are apportioned.

**IT IS FURTHER ORDERED** that any interest accrued on the amount of the attorneys' fees being paid hereunder, along with any other funds on deposit in this matter shall remain in the registry of the Court until further orders of this Court.

**IT IS FURTHER ORDERED** that any fee for the administration of the foregoing funds that are to be disbursed to Chopin, Wagar, Richard & Kutcher, LLP pursuant to this Order will be satisfied out of the interest that has accrued on the principal sum on deposit in the registry of the Court.

**IT IS FURTHER ORDERED** that the Clerk shall notify Jason P. Foote of the Chopin law firm , 504-830-3827, as soon as the foregoing check is issued, and Jason P. Foote will personally receive said check from the Clerk.

New Orleans, Louisiana this the 29th day of October 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE