UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARKETFARE (ST. CLAUDE), L.L.C., ET AL.** | **CIVIL ACTION** |
| | **NO. 06-7232** |
| **VERSUS** | **C/W 06-7641** |
| | **06-7639** |
| | **06-7643** |
| | **06-7644** |
| **UNITED FIRE & CASUALTY COMPANY, ET AL.** | **SECTION "J" (4)** |

**O R D E R**

Before the Court is a **Motion for Leave to Intervene (R. Doc. 745)** filed by Schonekas, Evans, McGoey & McEachin, L.L.C. seeking leave to intervene in the above captioned matter to assert an interest to the funds currently being held in the Registry of the Court resulting from a June 4, 2008, judgment against United Fire and Casualty Insurance Company in the above captioned matter. The Estate of John G. Schwegmann, Jr. and Melba Margaret Schwegmann Brown oppose the motion. (R. Docs. 746, 747.) This motion was heard on the briefs on **Wednesday, July 13, 2011**.

**I.     Background**

The above captioned matter arises out of damages sustained by Marketfare St. Claude, LLC, a company operating Robert's Market at 2222 St. Claude Avenue in New Orleans, Louisiana, caused by Hurricane Katrina. On July 10, 2007, the presiding Judge granted a Motion for Summary

Judgment finding that the owners of the property were additional insureds/loss payees in the insurance contract for the property. The insurance contract was with United Fire & Casualty Insurance Company.

Following a jury trial from May 19 through June 2, 2008, on June 4, 2008, judgment was entered in this matter, including judgment in favor of the John F. Schwegmann Trust No. 2, Heidi Schwegmann, Laurie Damare, jointly, and against United Fire & Casualty Insurance Company for statutory damages and penalties pursuant to La. Rev. Stat. Ann. § 22:1220 in the amount of $1,080,000.00, with legal interest running from the date of judgment. (R. Doc. 425.) Thereafter, on June 26, 2008, the presiding Judge ordered that the proceeds of the judgment be deposited into the Registry of the Court. (R. Doc. 460.)

On May 19, 2011, the presiding Judge referred the above-captioned matter to the undersigned for the purpose of conducting a mediation/settlement conference to attempt to resolve any remaining issues that will allow the Court to disburse the remaining funds in the Court Registry. (R. Doc. 743.) The settlement conference is scheduled before the undersigned on August 4, 2011. (R. Doc. 744.)

The instant motion was filed on June 23, 2011, by Schonekas, Evans, McGoey & McEachin, L.L.C. ("SEMM"), former counsel for Melba Margaret Schwegmann Brown ("Brown") in both the above captioned matter and an unrelated state court action, *Melba Margaret Schwegmann Brown v. John F. Schwegmann and Melinda Schwegmann*, No. 2000-4795, in the Civil District Court for the Parish of Orleans, State of Louisiana ("the State Court action"). SEMM was terminated on February 18, 2010.

SEMM contends that, pursuant to the employment agreement between Brown and SEMM in the state court action, it is entitled to a 33 1/3% contingency fee for any judgment which is obtained and for any collection efforts undertaken by SEMM to obtain funds to fulfill the state court action judgment.

The State Court action involved a dispute between Brown and her brother, John F. Schwegman regarding a trust. Judgment was entered in Brown's favor in the amount of $5,147,073.00 on January 26, 2005. (R. Doc. 745-3.) On August 23, 2006, SEMM, on behalf of Brown, sought a Judgment Pro Confesso which was granted. (R. Doc. 745-5.) The Civil District Court Judge granted the Judgment Pro Confesso and ordered that John F. Schwegmann liquidate the John F. Schwegmann Trust # 1 and John F. Schwegmann Trust # 2 and turn over all sums realized by that liquidation to the Civil Sheriff for the Parish of Orleans for credit to the outstanding write of fieri facias. The Judgment Pro Confesso also required John F. Schwegmann to pay in full the true and principal sum of $5,147,073.00, together with the interest rate of 6% per annum from January 26, 2005, until paid. SEMM never enforced the Judgment Pro Confesso, and the two trusts were never liquidated.

In April, 2010, SEMM moved in the Civil District Court for the Parish of Orleans for a Petition of Garnishment. (R. Doc. 745-6.) SEMM moved to garnish United Fire and Casualty Insurance Company, by stating that "upon information and belief . . . [United Fire] is indebted to Schwegmann or shall become indebted to Schwegmann for certain insurance proceeds and/or damages . . . [in the above captioned matter.]" (R. Doc. 745-6, p. 3.) The Petition of Garnishment was granted. (R. Doc. 745-6, p. 12.) Thereafter, on May 13, 2008, SEMM filed a Notice of Seizure in the record. (R. Docs. 358, 468.)

SEMM filed the instant motion seeking to intervene into this action for purposes of obtaining funds deposited in the Court's Registry as payment of the 33 1/3% contingency fee in the state court action. SEMM contends that because it has filed a Notice of Seizure in this matter, it is entitled to intervene in the above captioned matter prior to the Court ordered settlement conference regarding the disbursement of funds. The Estate o f John G. Schwegmann, Jr. And Brown oppose the motion.

## II.   Standard of Review

### A.   Intervention by Right

Federal Rule of Civil Procedure ("Rule") 24(a)(2) governs intervention by right, and provides that an applicant shall be permitted to intervene in an action if: 1) the applicant timely files a motion to intervene; 2) the applicant claims an interest relating to the property or transaction which is the subject of the action; 3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and 4) the applicant's interest is inadequately represented by the existing parties to the suit. Failure to meet any of the four elements is fatal to intervention. *Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978). Courts should allow intervention where no party would be adversely affected and the greater justice could be attained. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

### B.   Permissive Intervention

Rule 24(b) governs permissive intervention and provides that "[u]pon timely application[,] anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b). A court possesses the discretion to determine whether to permit permissive intervention and must "consider whether the intervention will unduly delay or prejudice the original parties' rights. *Id*.

In exercising its discretion to grant or deny permissive intervention, a court must consider: 1) whether an intervenor is adequately represented by other parties; and 2) whether intervention is likely to contribute significantly to the development of the underlying factual issues. *League of United Latin American Citizens, Council No. 4434 v. Clements*, 884 F.2d 185 (5th Cir. 1989).

**IV.    Analysis**

SEMM contends that it has a substantial interest in the property that is the subject matter of the above captioned matter. Specifically, it contends that under Louisiana law, particularly La. R.S. § 9:5001, it has a special privilege to attorneys fees. This privilege requires that the attorneys must be named as payees on a settlement check. Further, SEMM contends that its employment contract with Brown specifically requires that Brown may not settle a case without the permission of SEMM.

SEMM contends that the contingency fee contract includes collection on judgments obtained for Brown against John F. Schwegmann and the John F. Schwegmann Trust No. 2. This contingency fee contract was filed with the Clerk of Court of Jefferson Parish on or about November 5, 2010 and with the Clerk of Court of Orleans Parish on or about November 22, 2010.

SEMM contends that its collection efforts, particularly the filing of the Notice of Seizure, brought it before this Court. SEMM contends that the Notice of Seizure is a collection effort to seize funds that are or will be due to Schwegmann or to the John F. Schwegmann Trust No. 2 as a result of the June 4, 2008, judgment, and therefore, are the subject matter of its contingency fee contract with Brown. As such, it is entitled to 33 1/3% of whatever recovery is made by Schwegmann and the John F. Schwegmann Trust No. 2 in the above captioned matter, including the funds currently held in the Registry of the Court.

In response, Brown avers that SEMM is improperly attempting to seek attorneys' fees for an unrelated case. Brown contends that SEMM's representation of her in this matter was completely unrelated to the collection of the judgment on the state court action. Brown contends that there is no legal right for a client's former attorney to intervene in a lawsuit to collect attorneys fees for work done in an entirely different lawsuit.

Further, Brown contends that the contract is limited to recovery of collection efforts to "all collection proceedings . . . that may be filed to attach assets that John and Melinda Scwegmann have transferred to their children or any other third parties." Brown argues that the John F. Schwegmann Trust No. 2's leasehold interest was not an interest that was "transferred to [John and Melinda Schwegmann's] children or to third parties" by John and Melinda Schwegmann. Thus, any recovery by the John F. Schwegmann Trust No. 2 which is ultimately seized by Brown to satisfy the Judgment in the Trust Fund Suit is beyond SEMM's contract of employment and SEMM is not entitled to a portion of those seized aspects. Brown further complains that SEMM failed to liquidate either the John F. Schwegmann Trust No. 1 or No. 2, and never moved to enforce the judgment of liquidation. Thus, Brown has no executable right to seize any award to the John F. Schwegmann Trust No. 2.

Finally, Brown contends that the Notice of Seizure filed by SEMM in the above captioned matter is invalid. Brown argues that the Notice of Seizure was filed before any funds belonging to John or Melinda Schwegmann were in the Court's Registry. Further, SEMM did not seize any funds awarded to the John F. Schwegmann Trust No. 2 individually, which is the owner of the property at issue in this matter. John F. Schwegmann, individually, is not an owner.

The Estate of John G. Schwegmann, Jr. also opposes the motion. The Estate contends that SEMM does not have an interest in the property that is the subject matter of this lawsuit. It contends that, instead, it has an interest in fees earned in an entirely different matter, namely, the state court action. The Estate argues that although the Fifth Circuit recognizes a right of an attorney to intervene, this is only in a matter where the attorney had a written contract to perform services to earn the contingency fee in that lawsuit. Here, however, SEMM seeks to intervene by asserting its right to fees earned in an unrelated lawsuit.

The Estate also argues that the Notice of Seizure filed in this lawsuit is invalid. First, it argues that the seizure applies to monies to be owed to the Schwegmanns, although neither Schwegmann is a party to the instant litigation. Rather, the John F. Schwegmann Trust # 2, itself, is a party to the litigation. Furthermore, it contends that under the doctrine of *custodia legis*, property and funds in the registries of the courts are not, as a general rule, subject to writs of attachment or garnishment unless there is an order of the judge or judges of said courts. As such, the Estate contends that the Notice of Seizure issued by the state court judge is illegal and unenforceable.

The Estate argues that SEMM should not be permitted to argue its contingency fee claim in both federal and state court. Further, it contends that Brown has filed a legal malpractice suit which disputes SEMM's entitlement to contingency fees. The Estate contends that because SEMM's very entitlement to any fee is the subject of the pending lawsuit, it cannot claim an interest to the funds in the registry of the Court until it has a judgment establishing its entitlement.

According to the employment contract in the state court action, "[SEMM] shall handle . . . all collection actions for . . . brown on a one-third contingency fee basis of the gross amount of

recovery. Recovery shall include all proceeds of any settlement or judgment, including, but not limited to interest and attorneys fees. [SEMM]'s collection effort shall include, but not be limited to revocatory actions, any actions similar to the petition for declaratory judgment filed by John Saunders on behalf of Brown and judgment debtor examinations of John and Melinda Schwegmann." (R. Doc. 745-4, p. 2.) Although the contract provides for a contingency fee based off of collection efforts undertaken by SEMM, here, SEMM's efforts have failed.

The Notice of Seizure filed in the record in this matter states:

PLEASE TAKE NOTICE, that by virtue of a Writ of FIERI FACIAS issued in the above mentioned suit, I seize in your hands, all Goods, Lands, Tenements, Rights, and Credits, Moneys, Effects, Bills of Exchange, Promissory Notes, or property of any kind which you may now or hereafter have in your possession or under your control belonging to defendant JOHN F. SCHWEGMANN AND MELINDA B. SCHWEGMANN [w]hich you will hand over to me.

(R. Doc. 358, 468.) However, neither John F. Schwegmann no Melinda B. Schwegmann are parties to the above captioned matter nor were they awarded the monies currently deposited in the Court's Registry. Instead, the claims currently contested relate to the judgment in favor of the plaintiffs and Intervenors, Marketfare St. Claude, L.L.C., John F. Schwegmann Trust No. 2, Heidi Schwegmann, Laurie Damare, John G. Schwegmann, the Estate of John G. Schwegmann Jr., and Guy G. Schwegmann. No claims have been asserted by or against either individual and neither individual has made an appearance in this matter. As such, neither individual has a right to any of the monies currently deposited in the Registry of the Court.

Thus, although the Notice of Seizure was filed into the record, it is unenforceable and has no practical effect. As such, SEMM has engaged in no enforceable attempt to collect on the judgment which entitles it to an interest in the funds held in the Court's Registry or to its claimed entitlement of a contingency fee for these efforts. Thus, SEMM has failed to demonstrate that it has

an interest relating to the property or transaction which is the subject matter of the above captioned matter which would entitle it to intervention by right pursuant to Rule 24(a)(2). Further, SEMM has failed to demonstrate that it has a claim that has a common question of law or fact as the main action which would entitle it to permissive intervention pursuant to Rule 24(b). As such, the motion to intervene is denied.

**VI.    Conclusion**

Accordingly,

**IT IS ORDERED** that Schonekas, Evans, McGoey & McEachin, L.L.C. **Motion for Leave to Intervene (R. Doc. 745)** is hereby **DENIED.**

New Orleans, Louisiana, this 3rd day of August, 2011.

                                    **KAREN WELLS ROBY**
                                  **UNITED STATES MAGISTRATE JUDGE**